IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| VALENE POWELL, | |
| Plaintiff, | |
| v. | Case No.: PWG-19-1293 |
| WHEATON WIC CENTER, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Valene Powell filed a lawsuit against Wheaton WIC Center on February 22, 2018 alleging a violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, by the failure to provide her with an American Sign Language ("ASL") interpreter on January 18, 2018. *See* Compl., ECF No. 1 in PWG-18-535. That case was dismissed on February 11, 2019 for lack of jurisdiction. *See* Mem. & Order, ECF No. 30 in PWG-18-535. Ms. Powell then filed a State Court Complaint in the Montgomery County Circuit Court on March 12, 2019, alleging discrimination by the Defendant based on the failure to provide an ASL interpreter on January 18, 2018. *See* Compl., ECF No. 4. Defendant removed the case to this Court on May 2, 2019 because the ADA is a federal statute, and federal district courts have original jurisdiction of all civil actions arising under federal law. Not., ECF No. 1 (citing 28 U.S.C. § 1331). Pending before me is Ms. Powell's Motion for Recusal (ECF No. 9) and Defendant's Motion to Dismiss (ECF No. 11). As discussed below, because this case is based on the same claim by Ms. Powell against the same Defendant, and it was previously dismissed on the merits, Defendant's motion to

dismiss will be granted, and this case must also be dismissed. Additionally, Ms. Powell's motion will be denied because there are no grounds for recusal.

## DISCUSSION

The well-pleaded allegations in Ms. Powell's *pro se* Complaint (ECF No. 4) are accepted as true for purposes of resolving Defendant's Motion. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Additionally, *pro se* complaints are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ms. Powell scheduled an appointment at the Wheaton WIC Center operated by CCI Health & Wellness Services ("CCI")[1] for January 18, 2018, with the understanding that CCI would provide an ASL interpreter for her. Compl. 2, ECF No. 4. When she arrived just prior to her appointment time, the front desk staff told her that the "Interpreter is on way." *Id.* Ms. Powell waited 30 minutes, but the interpreter did not arrive. *Id.* CCI called Ms. Powell multiple times in an effort to reschedule, but she did not respond and blocked their calls. *Id.* at 2-3. Ms. Powell also complains that she was provided an interpreter less than 5 times for her appointments during the period 2014 to 2017, but she didn't speak out and request one as her right until January 18, 2018. *Id.* at 1-2.

Ms. Powell filed a lawsuit on February 22, 2018 in federal court alleging Defendant's violation of the ADA and was very disappointed that I dismissed the suit in February 2019. *Id.* at 3 (referring to PWG-18-535). Ms. Powell then filed this second lawsuit because she didn't think it was fair that the Defendant should win. *Id.* After Defendant properly removed this case to federal court, it was assigned to me, and Ms. Powell filed a letter requesting that another judge be

---

[1] CCI, a nonprofit corporation that operates with the trade name of CCI Health & Wellness Services, is the proper Defendant. See Mot. Mem. 1, ECF No. 11-1.

assigned because I had not supported her in the first case. Ltr., ECF No. 9 (deemed a Motion for Recusal). However, Ms. Powell cites no other reasons for why a different judge should be assigned. Additionally, CCI has filed a motion to dismiss this case based on the legal doctrine of *res judicata*, i.e., claim preclusion, asserting that Ms. Powell has simply refiled the same claim against them that was previously dismissed. Mot. Mem. 3.

The *res judicata* doctrine "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)). In Maryland, *res judicata* provides grounds for dismissal where a defendant establishes "(1) the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) the current claim presented is identical to the claim that had been resolved in the prior dispute; and (3) the prior dispute resulted in a final judgment on the merits." *Reid v. New Century Mortg. Corp.*, No. PX-18-233, 2018 WL 4538585, at *5 (D. Md. Sept. 20, 2018).

This case has the same parties as the prior case, and the claim that Ms. Powell is alleging against CCI is the same claim that she alleged in the prior case. Finally, the prior case was a dismissal with prejudice for failure to state a claim under the ADA, which constitutes a final judgment on the merits. *See, e.g., McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice."). Therefore, this case is precluded and shall be dismissed.

With regard to Ms. Powell's request for a different judge to be assigned to this case, 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The judge's purported "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (concluding that judge's opinions formed during the proceedings did not necessitate the judge's disqualification) (quoting *Liteky v. United States*, 510 U.S. 540, 545, 551 (1994)). Thus, a judge must recuse himself or herself if an extrajudicial source provides a reasonable factual basis for calling the judge's impartiality into question. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). If a judge's "familiarity with the facts of a case stem from [the judge's] judicial conduct in presiding over earlier proceedings," the judge typically need not recuse himself or herself, even if the judge has formed an opinion about the case, *id.* at 827, unless the judge's stated opinion "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 551, 555; *Belue*, 640 F.3d at 572.

A judge also is required to disqualify himself or herself if the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding" or if the judge is "likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(1), (5)(iv). As with § 455(a), the judge's knowledge referenced in § 455(b)(1) must "stem from a 'source outside the judicial proceeding at hand' in order to disqualify [the] judge." *Belue*, 640 F.3d at 572 (quoting *Liteky*, 510 U.S. at 545). Unlike § 455(a), § 455(b)(1) pertains to knowledge that is both actual and personal. *See Liteky*, 510 U.S. at 548.

Although this case's conclusion itself is a sufficient basis to deny Ms. Powell's motion as moot, I also note that I have neither formed nor offered any opinion as to the merits of the case

4

before me. The only knowledge I have of the case stems from the motions and letters I read in the prior case and this case. There is no extrajudicial source of knowledge to raise any doubt in a reasonable person as to my impartiality. Additionally, I do not feel or express any partiality for one party over the other, nor have I formed any bias as to the merits of the case, let alone a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Even if the case were to continue, I could not be called as a witness. *See* Fed. R. Evid. 605.3 Therefore, there is no basis to recuse myself under 28 U.S.C. § 455(a) or (b)(1) or (5)(iv). *See Belue*, 640 F.3d at 572; *In re Beard*, 811 F.2d at 827. As the other provisions of 28 U.S.C. § 455 are not relevant to this case, my disqualification is unnecessary.

## ORDER

For the reasons stated above, it is, this 14th day of January, 2020, hereby ORDERED that

1. Plaintiff's Letter (ECF No. 9) deemed a Motion for Recusal is DENIED;

2. Defendant's Motion to Dismiss (ECF No. 11) is GRANTED;

3. Plaintiff's Complaint is DISMISSED WITH PREJUDICE;

4. The Clerk shall send a copy of this Memorandum Opinion and Order to Plaintiff and shall CLOSE this case.

Paul W. Grimm
United States District Judge